UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SUSAN R. POTTS                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:12-CV-145

MAVERICK C & P, *et al.*                                                              DEFENDANTS

### MEMORANDUM OPINION

This employment discrimination case comes before the court on a motion to dismiss for failure to state a claim made by defendants Maverick C & P d/b/a Republic Conduit Manufacturing ("Republic Conduit") and Dennis Scanga (DN 8). For the reasons stated herein, the motion will be granted.

Plaintiff Susan R. Potts filed this action in Jefferson County, Kentucky, Circuit Court. In her complaint, Potts alleged that she was employed by Republic Conduit as a "Hot-Dip Loader." Potts claimed that on January 5, 2008, she suffered a work-related injury and was placed on permanent work restrictions. She alleged that on February 18, 2011, she began to experience pain in her shoulder and neck. She supposedly saw a company physician on February 25, 2011 who told her that she had a "flare-up" from her previous injury and it was not a new injury. Potts stated that on March 24, 2011, she again experienced shoulder and neck problems. Beginning on March 25, 2011, Potts took off from work, using her sick time. She did not report the injury to Republic Conduit, supposedly due to the company physician's statement to her that the injury was not new. According to Potts, the company handbooks and policies did not require reporting of flare-ups of previous injuries. Potts alleged that on March 29, 2011, she returned to work with a doctor's note excusing

her from work, but Republic Conduit immediately suspended her to investigate whether she violated the company's injury reporting requirement. On April 1, 2011, Republic Conduit found that she was in violation of the injury reporting requirement and discharged her from the company.

In her complaint, Potts brought two claims each against Republic Conduit and Scanga, the Human Resources Manager at Republic Conduit. First, Potts claimed that the defendants discriminated against her in violation of KRS § 344.040 due to her disability or perceived disability. Second, Potts claimed that the defendants retaliated against her in violation of KRS § 344.280.

The defendants removed the case to this court pursuant to its diversity jurisdiction. In the notice of removal, the defendants stated that Maverick C & P was a Delaware corporation with its principal place of business in Houston, Texas; accordingly, it was a Texas citizen. Defendants also stated that Scanga was a Kentucky resident. Acknowledging that Scanga's Kentucky residency would appear to destroy diversity – Potts listed a Kentucky address on her complaint – the defendants argued in their notice of removal that Scanga was fraudulently joined. The defendants asserted that Potts' complaint provided "no reasonable basis for predicting that Plaintiff could prevail against Scanga, the only non-diverse defendant in this case" on either of the discrimination or retaliation claims.

After removal to this court, the defendants filed the motion to dismiss for failure to state a claim that is currently before the court. In the motion to dismiss, the defendants argued that the complaint failed to state a claim against Scanga for disability discrimination and failed to state a claim against both Scanga and Republic Conduit for retaliation. As to the claims against Scanga, the defendants' arguments in favor of dismissal mirrored their arguments in the notice of removal for finding that Scanga was fraudulently joined.

The court begins its analysis with an examination of its subject matter jurisdiction. "[A] district court is required, on its own accord, to inquire into and determine whether federal question or diversity of citizenship jurisdiction exists over a removed case." 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 (4th ed. 2009). Therefore, "the district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted." *Id.* Potts' complaint brings claims only under Kentucky law; there are no federal questions involved. Thus, diversity is the only basis for this court's jurisdiction. Under 28 U.S.C. § 1332, complete diversity of citizenship is required, i.e., the citizenship of each plaintiff in a case must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Potts and Scanga are both Kentucky citizens, and thus, it would appear, complete diversity is lacking. However, as noted above, the defendants contended in their notice of removal that the doctrine of fraudulent joinder applies. That doctrine provides that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To show a fraudulent joinder of a non-diverse defendant, the removing party must establish that "there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).[1] In assessing whether a non-diverse defendant was fraudulently joined, a district court must resolve any ambiguities in the controlling

---

[1] As noted above, the defendants' arguments in their motion to dismiss concerning the claims against Scanga mirrored their arguments that Scanga was fraudulently joined in the notice of removal. Potts filed a response to the motion to dismiss. Therefore, although Potts did not file a motion to remand, the court nevertheless has the benefit of considering Potts' responses to the defendants' arguments concerning the sufficiency of her claims against Scanga.

state law in favor of the non-removing party. *Coyne*, 183 F.3d at 493. "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

The defendants assert that there can be no claim against Scanga for disability or perceived disability discrimination because there is no liability for individual employees of a company under the Kentucky Civil Rights Act. KRS § 344.040 provides that it is unlawful for an "employer" to, *inter alia*, discharge or discriminate against a qualified individual on the basis that the individual has a disability. KRS § 344.030(3) defines "employer" in the context of disability discrimination as "a person . . . who has fifteen (15) or more employees . . . and any agent of that person." Courts have interpreted KRS Chapter 344 to forbid liability for individual agents or supervisors who do not otherwise qualify as employers. *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 (6th Cir. 1997); *Conner v. Patton*, 133 S.W.3d 491, 493 (Ky. Ct. App. 2004); *Gardner v. W. Ky. Univ.*, 2011 WL 4861880, at *7 (W.D.Ky. Oct. 13, 2011). The complaint here makes clear that Scanga was nothing more than an employee/supervisor – the Human Resources Manager – for Republic Conduit and did not meet the definition of "employer." Accordingly, Potts has no colorable cause of action against Scanga for violating KRS § 344.040 by discriminating against Pott due to her disability or perceived disability.

As to Potts' retaliation claim against Scanga, defendants assert that the complaint fails to allege sufficient facts to maintain that claim. Under KRS § 344.280, it is unlawful for a person to "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." The elements of a prima facie case of retaliation are as follows: (1) the plaintiff engaged in a protected

activity; (2) the plaintiff's activity was known by the defendant; (3) thereafter, the defendant took an adverse employment action toward the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Brooks v. Lexington-Fayette Urban County Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004).

The complaint plainly fails to state any claim for retaliation under KRS § 344.280. It does not allege that Potts engaged in any protected activity whatsoever. The complaint merely states that "The Plaintiff is being discriminated against by the fact that she is an individual with a known disability by the company and specifically by Human Resources Manager Dennis Scanga," and that the " Plaintiff was retaliated against and subjected to termination by the Defendants' [sic] because there was nothing to show that Plaintiff violated company policy." The complaint does not allege that Potts ever complained about or opposed a discriminatory practice or that she participated in an investigation by the Kentucky Commission on Human Rights. Indeed, Potts' retaliation claim appears to be nothing more than a restatement of her discrimination claim; she simply contends that she was "retaliated" against because of her disability.

Potts' argument in response to the defendants' motion to dismiss the retaliation claim further assures the court that Potts has no colorable cause of action against Scanga for retaliation. Potts simply reiterates the statements in her complaint that she was discriminated against because she had a "known disability" and that she "was retaliated against and subject to termination by the Defendants because there was nothing to show that the Plaintiff had violated a company policy." Further, while Potts requested in her response to the motion to dismiss that she be provided the opportunity to amend her complaint if the court believed the allegations in the complaint to be

insufficient, she did not attempt to explain how she engaged in protected activity such that she would have a viable cause of action against Scanga for retaliation.

In short, the court finds that Potts has no colorable cause of action against Scanga for either discrimination or retaliation. Accordingly, the court concludes that the fraudulent joinder doctrine applies, and the court has jurisdiction over this action pursuant to its diversity jurisdiction.

Turning to the motion to dismiss for failure to state a claim, the discussion above resolves it. Upon a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009) (internal question marks ommitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Because Potts has no colorable cause of action against Scanga, the claims against Scanga must be dismissed. The defendants also argue that the complaint fails to state a claim for retaliation under KRS § 344.280 against Republic Conduit. The reasons that this court found that Potts had no claim against Scanga for retaliation apply with equal weight to the retaliation claim against Republic Conduit – there is no allegation that Potts engaged in any protected activity, the first element of a prima facie claim of retaliation.[2]

---

[2] The court will deny Potts' request in her response papers for leave to amend the complaint. Potts not only fails to provide this court with a proposed amended complaint, but she also provides no indication of what she would allege to cure the deficiencies in her complaint.

In sum, the court has subject matter jurisdiction over this matter and the defendants' motion to dismiss will be granted. The claims against Scanga and the retaliation claim against Republic Conduit will be dismissed with prejudice. The sole remaining claim is Potts' claim against Republic Conduit of discrimination on the basis of her disability or perceived disability under KRS § 344.040. A separate order will issue in accordance with this opinion.

November 9, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03